SAMUEL P. FORD v. J. J. TERRELL, COMMISSIONER OF THE GENERAL
LAND OFFICE.

No. 1793.   Decided February 5, 1908.

**1.—School Land—Sale of Part of Section.**

Under the Act of May 16, 1907 (Laws, 30th Leg. p. 490), surveyed sections of school land could only be sold as a whole and an application to purchase a half section of which the other half was under lease was properly rejected. (Pp. 327, 328.)

**2.—Same—Case Stated.**

A purchase by the lessee of certain leased sections of school land including the east half only of one of the sections so leased was cancelled for failure of the purchaser to occupy, and the lands, so taken out from under the lease, were offered for sale. The west half remaining under lease, and the law (Act of May 16, 1907, section 6c) requiring that the section (survey). be sold as a whole, the east half could not be sold during the life of the lease. The meaning of the words "tracts" and "surveys" as used in such Act defined. (P. 328.)

Application by Ford to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*D. E. Simmons,* for petitioner.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Relator applies for a mandamus to compel the Commissioner to accept his application to purchase the east half of Section 1, Block 9, G. H. & S. A. R. R. survey in Brewster County, for which he was the highest bidder when it was offered for sale on the 14th day of October, 1907. The Commissioner refused to recognize the application for the reason that it was not for the whole section, basing his ruling upon the construction of the Act of 1907 that it forbade the sale of a part of a section when the whole of it belonged to the school fund.

The petition shows that in 1899 the whole of section 1 and other sections were leased to one Gage for a term of ten years; that in March and February, 1907, Gage, in the exercise of the right to buy lands embraced in his lease, given by the Act of 1905, purchased a number of such sections and also the east half of section 1; that the Commissioner cancelled this sale on July 11, 1907, because of Gage's failure to occupy any of the land within the time required by law, and advertised the land for sale under the Act of 1907 on October 14, 1907, at which time relator's application was made.

Both the relator and the respondent give to the sale to Gage and the cancellation thereof the effect of taking the lands so sold out of the operation of the lease and of opening them up for further sale, and we shall assume that this is the correct view. It is true, nevertheless, that the west half of Section 1 remained under the lease and could not be sold when the east half was advertised.

Prior to the adoption of the Act of 1907 (Laws 30th Leg., p. 490), school lands could be sold in tracts of eighty acres or multiples thereof, but, in the statute referred to, this rule was changed,

Section 5, regulating purchases by lessees and their assignees, provides that they may be made "in whole *surveys* only." Section 6, which applies to purchases by others of lands in named counties, provides that "no *survey* shall be sold in any county except as a whole, notwithstanding it may be leased in two or more parts." Section 6b provides for sales "in whole *tracts* only." There are many other references in the statute to lands that have been or may be sold, as *"tracts,"* and from this constant use of the two words, "tracts" and "surveys," relator's counsel urge that they are employed interchangeably, and that where the word, survey, is used it means only a tract; from which the deduction is contended for that where a part of a section is under lease and for that reason can not be sold, the remainder constitutes a whole survey, or tract, in the sense of the statute for the purposes of sale. If the provisions to which we have already referred were all that are to be found in the statute on the subject there would be much force in the contention and several reasons might be given in support of it. But the Legislature, as if it foresaw the uncertainty in which the question would otherwise be left, added this provision in section 6e: "All surveys and unsold portions of surveys shall be sold as a whole. All unsurveyed tracts of 640 acres or less shall be sold as a whole, and all tracts of more than 640 acres shall be sold in such tracts as may be required or approved by the Commissioner. No one shall hereafter have any preference to purchase any unsurveyed land except as provided in this act for original lessees out of leases. All tracts containing one hundred acres or less wheresoever situated shall be sold for cash and without condition of settlement."

This leaves no doubt as to what is meant by the language of other parts of the act. The sections of school land are often referred to in the statutes as the surveyed lands, while tracts of public domain appropriated to the school fund but not yet sectionized are called the unsurveyed lands. The surveys referred to in this statute clearly appear from the provision just quoted to be the sections, and the purpose is to require each section, no part of which has been sold, to be sold as a whole and not in subdivisions, as heretofore.

The fact that part of a section may be under lease and is thereby temporarily kept off the market is not made to take it out of the rule. The entire section, in such a case, still belongs to the school fund and can eventually be sold in its entirety. The fact that this half section had previously been sold, when the law permitted such action, can not alter the case. The cancellation of that sale restored the land to the State, if the assumption of both parties be correct, and hence that which belonged to the State when relator sought to purchase was not an "unsold portion" of a survey or section.

*Mandamus refused.*